UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN DIVISION
*Electronically Filed*

| | |
|---|---|
| JORDYN FREDERICK and JENNA HOPWOOD ) <br> ) <br> PLAINTIFFS ) <br> ) <br> v. ) <br> ) <br> JORDI MALDONADO RODRIGUEZ, ) <br> JENX LOGISTICS, LLC and ) <br> AMAZON.COM SERVICES, LLC ) <br> ) <br> DEFENDANTS ) | Civil Action No.   1:22-CV-97-GNS |

## NOTICE OF REMOVAL

Defendants, Jordi Maldonado Rodriguez ("Maldonado"), Jenx Logistics, LLC ("Jenx Logistics" and collectively the "Jenx Defendants"), and Amazon.com Services, LLC[1] ("Amazon") (collectively the "Defendants"), by counsel and under 28 U.S.C. §§ 1441 and 1446, submits this notice of removal of the above-captioned case, which was originally filed in Warren Circuit Court, Civil Action No. 22-CI-00527. In support of removal, the Defendants state as follows.

**Timeliness of Removal**

1.      On May 13, 2022, plaintiffs Jordyn Frederick and Jenna Hopwood ("plaintiffs") filed a Complaint in Warren Circuit Court against defendants, alleging personal injury resulting from a motor vehicle accident on April 13, 2021 in Bowling Green, Kentucky.  The Complaint was served on Jenx Logistics on June 7, 2022, on Maldonado on June 16, 2002, and on Amazon.com Services, LLC on May 23, 2022.

---

[1] The entity that contracted with Jenx Logistics is actually Amazon Logistics, Inc., which is expected to be substituted as a party following removal and which, as detailed below, is also diverse from plaintiffs.

Case 1:22-cv-00097-BJB   Document 1   Filed 08/11/22   Page 2 of 8 PageID #: 2

2. Defendants' removal of the state court action is timely because the existence of federal diversity jurisdiction only recently became apparent, and the case is being removed within one year of commencement of the action.

3. A defendant seeking removal of an action filed in state court must file a notice of removal within 30 days of service of the complaint upon the defendant, ***provided that federal jurisdiction is apparent***. *See* 28 U.S.C. § 1446(b).  If federal jurisdiction is not apparent from the complaint as a result of lack of information concerning the amount in controversy—as was the case here—then the defendant may take discovery to determine whether federal jurisdiction is present.  28 U.S.C. § 1446(c)(3)(A)("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a) [28 USCS § 1332(a)], information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)"); H.R. Rep. No. 112-10, at 16 (2011).

4. In this case, as detailed below, Defendants recently received settlement demands and discovery responses from both Plaintiffs that make it apparent for the first time that the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

5. Consistent with Kentucky practice, the Plaintiffs' Complaint did not state the amount in controversy, other than to say that the damages being sought were "in excess of the minimal jurisdictional limits of [the Warren Circuit Court]," which are well below the $75,000.01 threshold for diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332(a).

6. The allegations of the Complaint, by themselves—without evidence regarding the extent of the Plaintiffs' injuries and the nature and volume of the treatment they received—were

2

insufficient to establish that the amount in controversy more likely than not exceeded $75,000, exclusive of interest and cost.

7. Plaintiffs alleged, generally, that they experienced personal injuries, mental and physical pain and suffering, loss of ability to lead and enjoy a normal life, and lost wages and impairment of ability to earn income. (Complaint, ¶¶ 11-14.) But they did not make any pre-suit demand or provide medical records or expenses. Nor did they specify the nature of the injuries that they alleged to have experienced in the accident. This information falls short of the quantum of information necessary to confirm that diversity jurisdiction is present. "The 30-day period in § 1446(b)(1) starts to run only if the initial pleading contains '**solid and unambiguous information** that the case is removable.'" *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364-65 (6th Cir. 2015) (emphasis added); *see also Saunders v. Home Depot, Inc.*, No. 2:20-CV-13337-TGB-CI, 2021 U.S. Dist. LEXIS 114901, at *5 (E.D. Mich. June 21, 2021) (holding that allegations about a foot injury alone were insufficient to establish that the amount in controversy exceeded $75,000); *Warren v. Sheba Logistics, LLC*, No. 1:15-CV-00148-GNS-HBB, 2016 U.S. Dist. LEXIS 32097, *4-5 (W.D. Ky. 2016) (allegations of "severe" personal injury alone insufficient to establish for diversity purpose that the amount in controversy exceeds $75,000).

8. On July 13, 2022, Plaintiffs sent settlement demands to Defendant Amazon's prior counsel, which valued Plaintiff Frederick's claims at $150,000.00, and Plaintiff Hopwood's claims at $352,183.00. These settlement demands were forwarded to counsel for the Jenx Defendants, who are now also representing Amazon, on July 18, 2022.

9. On August 8, 2022, Plaintiffs served Responses to the Jenx Defendants' Requests for Admissions confirming that each was seeking damages in excess of $75,000.00, exclusive of interest and costs.

10. Thus, Defendants had, at the very least, 30 days from July 13, 2022, in which to remove the case, and the Jenx Defendants had until at least 30 days from July 18, 2022. *See* 28 U.S.C. § 1446(b)(3)("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable.") (emphasis added).

11. This Notice of Removal is timely because it was filed less than 30 days after July 13, 2022, and it was filed less than one year after the commencement of the action, the outer boundary for removing a case on the basis of diversity of citizenship absent fraudulent concealment by the plaintiff. 28 U.S.C. § 1446(c)(1).

**Venue and Compliance with Procedural Requirements for Removal**

12. The Warren Circuit Court is located within the Bowling Green Division of the United States District Court for the Western District of Kentucky. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Warren County, Kentucky.

13. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the defendants are attached as Exhibit 1 to this Notice of Removal. Additionally, defendants' Answers to the Complaint are attached as Exhibit 2, Exhibit 3, and Exhibit 4. Defendants' discovery requests to Plaintiffs are attached as Exhibit 5. Plaintiff's Responses to the Jenx Defendant's Requests for Admission are attached as Exhibit 6.

**Diversity of Citizenship and Amount in Controversy**

14. As alleged in the Complaint, plaintiffs Jordyn Frederick and Jenna Hopwood are residents and citizens of Kentucky. (Complaint, ¶¶ 1-2.)

15. As alleged in the Complaint, Jenx Logistics is a Tennessee limited liability company with its principal place of business in Memphis, Tennessee. (Complaint, ¶ 5.)

16. Jenx Logistics' members are Corey Jenkins and Lakesyia Jenkins. For purposes of 28 U.S.C. § 1332(a), Jenx Logistics, which is a limited liability company, is a citizen of Tennessee. As recognized by the Sixth Circuit, all unincorporated entities, such as limited liability companies, have citizenship of each partner or member. *See Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

17. Here, Jenx Logistics is a citizen of Tennessee because both of its members reside at 4425 Ridge Run Cove, Memphis, Tennessee 38128 and are both residents and citizens of the state of Tennessee. Accordingly, Jenx Logistics is a citizen of Tennessee and it is diverse from the Plaintiffs, who are citizens of Kentucky.

18. As alleged in the Complaint, Maldonado is a resident and citizen of Tennessee. (Complaint, ¶ 3.)

19. As alleged in the Complaint, Amazon.com Services, LLC is a non-resident business licensed to do business in the Commonwealth of Kentucky. (Complaint, ¶ 4.)

20. Amazon.com Services, LLC is a limited liability company organized under the laws of Delaware and has its principal place of business in Seattle, Washington.

21. Amazon.com Services, LLC is a wholly owned, indirect subsidiary of Amazon.com, Inc. For purposes of 28 U.S.C. § 1332(a), Amazon.com Services, LLC, which is a limited liability company, is a citizen of Delaware and Washington. As recognized by the Sixth Circuit, all unincorporated entities, such as limited liability companies, have citizenship of each partner or member. *See Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir.

2009); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010). When an LLC has only one member, "its citizenship is determined by that of its sole member." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348-49 (3rd Cir. 2013). The Court must look "upstream" at the parentage of the LLC until an entity or person is discovered whose citizenship can be determined. *Delay*, 585 F.3d at 1005.

22.  Here, Amazon.com Services, LLC is a citizen of Delaware and Washington because the first of its parent companies whose citizenship can be determined—Amazon.com, Inc.—is a Delaware corporation with its principal place of business in Washington. Accordingly, Amazon.com Services, LLC is diverse from the Plaintiffs, who are citizens of Kentucky.

23.  Amazon Logistics, Inc., which is expected to be substituted as a defendant, is a non-resident business licensed to do business in the Commonwealth of Kentucky

24.  A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

25.  Amazon Logistics, Inc. is a Delaware Corporation with its principal place of business in Seattle, Washington. *See* Exhibit 7. Accordingly, Amazon Logistics, Inc. is diverse from the Plaintiffs, who are citizens of Kentucky.

26.  A case may be removed where the defendants establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1446(c)(2)(A)(ii) and 1446(c)(2)(B); *see also Endrawes v. Safeco Ins. Co.*, 737 F. App'x 731, 734 (6th Cir. 2018) (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). The preponderance of evidence standard requires only

that the defendants allege fats sufficient to establish that the plaintiff would more likely that not seek to recover more than the jurisdictional amount. *Id.*

27. As plaintiffs' recent settlement demands confirm for the first time, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, by a preponderance of the evidence. While Defendants deny that they are liable for the Plaintiffs' alleged injuries and do not concede that the Plaintiffs' damages claims are accurate, for purposes of establishing the Court's jurisdiction, this is irrelevant.

28. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(a)(2) because the amount in controversy is satisfied and this is an action between citizens of Kentucky and citizens of a different state.

29. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing for this Notice of Removal, will be filed promptly with the Clerk of the Warren Circuit Court, and a copy of the same is being served upon all parties.

30. Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove this case.

31. Defendants reserve all defense and objections available under the applicable law and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

**WHEREFORE**, the Defendants hereby remove the above-captioned action from the Circuit Court in Warren County, Kentucky, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

/s/ Stephen J. Mattingly
Stephen J. Mattingly (#93176)
David N. Giesel (#98059)
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 540-2300
Fax (502) 585-2207
stephen.mattingly@dinsmore.com
david.giesel@dinsmore.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will serve copies of the same on the following counsel of record:

Dion Moorman
Morgan and Morgan Kentucky PLLC
401 Frederica Street, A202
Owensboro, KY 42301
dmoorman@forthepeople.com
*Counsel for Plaintiff*

/s/  Stephen J. Mattingly
*Counsel for Defendants*